**Abatement Order issued August 25, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-20-00326-CV**

————————————

**EVA  CASAS, Appellant**

**V.**

**CASTANO ENTERPRISES, LLC D/B/A CUBE INVESTMENTS, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-70094**

---

**ABATEMENT ORDER**

Eva Casas (Casas) appeals from the trial court's summary judgment in favor of Castano Enterprises, LLC d/b/a Cube Investments (Cube). It appears from the record that the summary judgment, which was signed on January 14, 2020, is not final. The summary judgment purports to render judgment against Casas but does

not appear to dispose of all claims and does not contain finality language or any other clear indication that the trial court intended the order to be a final disposition of the case.[1] More specifically, this Court is uncertain whether it was the intent of the summary judgment order to dispose of (1) Cube's claim for fraudulent inducement against Casas or (2) Casas's counterclaim against Cube alleging securities law violations.

If, as here, an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it may abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides in relevant part:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

TEX. R. APP. P. 27.2.

Accordingly, we order the case **abated and remanded to the trial court for a period of thirty (30) days** so that the trial court may clarify whether the summary judgment is final, and to permit the parties to obtain an order or orders regarding

---

[1] We notified the parties of this potential jurisdictional defect and of our intention to dismiss the appeal unless they filed a written response addressing the apparent lack of a final judgment, with citation to law and the record, and demonstrating that this Court has appellate jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), 42.3(f). The responsive briefing filed by the parties did not clarify the finality of the order.

Cube's fraudulent inducement claim and Casas's counterclaim, if necessary.[2] A supplemental clerk's record containing the trial court's clarifying order or orders shall be filed with the Clerk of this Court on or before **October 3, 2022**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.

---

[2] This appeal was previously abated to allow for settlement discussions at Casas's request. Those settlement discussions did not bear fruit, and Cube has moved for reinstatement of the appeal. We grant Cube's motion for reinstatement but, as stated in this order, abate for a second time to allow for a remand to the trial court to clarify the finality of the summary judgment order now on appeal.